IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v.  ) | 1:22-cr-356-RAH |
| ) | |
| ALEXANDER RUSSAW, JR. ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Alexander Russaw, Jr., moved to dismiss the indictment against him pursuant to the Due Process Clause of the Fifth and Sixth Amendments.[1] After a hearing, the Magistrate Judge recommended that the Motion to Dismiss (Doc. 12) should be denied. On March 15, 2023, Defendant filed Objections (Doc. 30) to the Report and Recommendation (Doc. 28).

Upon an independent and de novo review of the record, including the transcript of the hearing before the Magistrate Judge, the Court concludes that the objections should be overruled and the recommendation adopted.

**I. STANDARD OF REVIEW**

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28

---

[1] To the extent Russaw argues the preindictment delay violated his Sixth Amendment rights, his claim is unavailing. The speedy trial guarantee of the Sixth Amendment does not apply to preindictment delay. *United States v. Lindstrom*, 698 F. 2d 1154 (11th Cir. 1983) (citing *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Marion*, 404 U.S. 307, 320 (1971)).

U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.*  If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.*  The court has reviewed the transcript of the hearing in its entirety.

## II. DISCUSSION

Upon an independent and *de novo* review of the record, including the transcript of the hearing before the Magistrate Judge, the Court concludes that the objections should be overruled.  The Court, however, acknowledges that the specific measurement standard is unclear.  In this Circuit, the standard for a defendant to overcome his burden of proving that preindictment delay resulted in a violation of the Due Process Clause of the Fifth Amendment is "an exceedingly high one."

2

*Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam).  The Court, however, concludes that resolving this issue is unnecessary here because it agrees with the Magistrate Judge that the prejudice alleged by Russaw is speculative and not actual.

### III. CONCLUSION

Accordingly, it is

ORDERED as follows:

(1) The Objections (Doc. 30) are OVERRULED;

(2) The Recommendation (Doc. 28) is ADOPTED;

(3) The Motion to Dismiss (Doc. 12) is DENIED.

DONE, on this the 17th day of March 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE